# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY M. ESPARZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-924-CDP |
| | ) | |
| KRISTOPHER D. CREWS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Johnny Esparza, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.60. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $4.64, and an average monthly deposit of $8.00. The Court will therefore assess an initial partial filing fee of $1.60, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

This action was filed on June 8, 2018 by plaintiff Johnny M. Esparza, an inmate at the Northeast Correctional Center, against Kristopher D. Crews, an attorney. Plaintiff avers that Crews is a private attorney who also works as a public defender pursuant to a contract with the state public defender. In the complaint, plaintiff references prior criminal proceedings in which he was a defendant, and he also references child custody proceedings.[1] Plaintiff states that his children were taken away from him. He states that he sues Crews in an official and individual capacity.

---

[1] According to Missouri Case.net, on February 21, 2018, plaintiff pleaded guilty in state court to charges of hindering the prosecution of a felony, and possession of a controlled substance. *State v. Johnny M. Esparza*, No. 17CF-CR00536-01 (42nd Jud. Cir. 2017). On that same date, he was sentenced to serve a total of five years' imprisonment. It does not appear that Crews represented plaintiff during these proceedings.

According to the complaint, Crews did nothing as Crawford County used a statement made by a person who was hospitalized and taking pain medication, and who later stated she did not remember making a statement. Plaintiff claims he lost his children "over a girl that didn't even live with me . . . and my lawyer did nothing." (Docket No. 1 at 3). Plaintiff states that mental and physical pain do not "begin to describe what the man did to me by doing nothing." *Id.* at 4. He claims that before his troubles he did not have a drug or legal problem, but that Crews would not do anything and "the stress with [his] cancer caused [him] to give." *Id.* Plaintiff went to rehab, and later turned himself in. Plaintiff writes: "the guy has mentally put [him] through hell and has caused major physical problems," and that "when it's all said and done Kristopher Crews allowed all of this to happen." *Id.* Plaintiff also claims that Crews did not help him when the jail took away his electronic larynx. Later in the complaint, plaintiff writes: "This suit is against my public defender." (Docket No. 1 at 7). He seeks damages in the amount of $10 million.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Crews committed wrongdoing while serving as his public defender. However, public defenders do not act under color of state law for purposes of a § 1983 action. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983). Thus, any claim arising from Crews's representation of plaintiff as his public defender during state criminal proceedings fails as a matter of law. To the extent plaintiff can be understood to allege that Crews failed to adequately represent him during a family law matter, a finding of state action is also absent. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("The conduct of counsel . . . in representing clients, does not constitute state action under color of state law" for purposes of § 1983 actions); *see also Harley v. Oliver*, 539 F.2d 1143, 1145-46 (8th Cir. 1976) (in action filed by mother claiming she was temporarily denied child custody, the actions of the father's attorney in performing duties as counsel were not performed under color of state law).

Because none of plaintiff's claims are cognizable in these proceedings, this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of June, 2018.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE